

**NUMBER 13-06-473-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FRANCES T. MOORE AND
AARON MOORE,**                             **Appellants,**

**v.**

**MICHAEL K. TIDWELL D/B/A
EXXON FOOD MART,**                             **Appellee.**

---

**On appeal from the 107th District Court of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez**

In this slip-and-fall case, a jury found in favor of the defendant/appellee, Michael K.

Tidwell d/b/a Exxon Food Mart ("Tidwell").  In two issues, appellants Frances T. Moore and

Aaron Moore[1] contend the trial court:  (1) failed to enforce its own pre-trial order, which

---

[1] Appellant, Frances T. Moore, alleged she suffered injuries when she tripped and fell on uneven pavement at Tidwell's convenience store.  Throughout this opinion, we refer to Frances T. Moore as "Moore."

prohibited Tidwell's expert, Edmundo R. Gonzalez, Jr., from testifying as to a specific matter; and (2) abused its discretion by permitting Gonzalez to testify as an expert witness. We affirm.

## Background

Moore alleged that while purchasing gas at Tidwell's convenience store, she tripped and fell on uneven concrete pavement near the gas pumps.[2] Moore sued Tidwell for premises liability, alleging that the uneven pavement presented an unreasonably dangerous condition. At a pre-trial hearing, visiting Judge Joaquin Villarreal[3] heard arguments on Moore's motion to exclude Gonzalez's testimony as Tidwell's expert on grounds that Gonzalez was not qualified as an expert, and his testimony was therefore unreliable and presented a risk of misleading and confusing the jury. Judge Villarreal ruled that Gonzalez was prohibited from testifying as to whether the premises "presented an unreasonably dangerous condition," but could testify as to all other relevant matters.

At trial, Moore's counsel re-urged a "*Robinson* challenge" to Gonzalez's testimony.[4] The trial judge stated that he would "carry the previous orders of the Court regarding the motion." After a brief argument from Moore's counsel, the court denied the motion.

By her first issue, Moore contends that by permitting Gonzalez to testify as an expert, the trial court violated its earlier order. By her second issue, she contends that the

---

[2] Gonzalez's testimony at trial established that the uneven pavement measured between one-fourth of an inch and seven-eighths of an inch.

[3] The Honorable Benjamin Euresti, presiding judge of the 107th District Court in Cameron County, Texas, presided over the trial. The Honorable Joaquin Villarreal, visiting judge, ruled on Moore's motion to exclude Gonzalez's testimony.

[4] *See generally E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549 (Tex. 1995).

trial court abused its discretion in permitting Gonzalez's testimony.

## Standard of Review and Applicable Law

A trial court's ruling on an expert's qualifications is reviewed under an abuse of discretion standard.[5] "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles."[6] An appellate court may not reverse for abuse of discretion simply because it would have decided the matter differently.[7]

Even if a trial court errs by improperly admitting evidence, reversal is warranted only if the error probably caused the rendition of an improper judgment.[8] To make this determination, we review the entire record and require the complaining party to demonstrate that the judgment turns on the particular evidence admitted.[9] As the supreme court has explained:

> Clearly, erroneous admission is harmless if it is merely cumulative. But beyond that, whether erroneous admission is harmful is more a matter of judgment than precise measurement. In making that judgment, we have sometimes looked to the efforts made by counsel to emphasize the erroneous evidence and whether there was contrary evidence that the improperly admitted evidence was calculated to overcome.[10]

Furthermore, an error in admission is deemed harmless if the objecting party

---

[5] *Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996).

[6] *Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex. 2002); *Broders*, 924 S.W.2d at 151.

[7] *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

[8] T EX. R. APP. P. 44.1(a)(1); *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007); *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004).

[9] *McShane*, 239 S.W.3d at 234; *Nissan*, 145 S.W.3d at 144.

[10] *Nissan*, 145 S.W.3d at 144 (citations omitted).

3

permits the same or similar evidence to be introduced without objection.[11]

## Analysis

Here, Moore contends the trial court reversibly erred in permitting Gonzalez to testify that he did not consider the uneven pavement a hazard. However, even if we assume, without deciding, that the trial court abused its discretion in permitting Gonzalez's testimony, Moore has not demonstrated that the judgment turned on Gonzalez's testimony. The only discussion of the harm issue appears in Moore's reply brief. Citing *Robinson*[12] and *Gammill v. Jack Williams Chevrolet, Inc.*,[13] Moore asserts that Gonzalez's testimony was not merely cumulative, but "was controlling on a dispositive issue[,] namely Question No. 1 of the Charge of the Court."[14] Moore states, "Mr. Gonzalez was the only expert who testified on that issue [Question No. 1, the negligence of each party]. Consequently, the admission of Mr. Gonzalez's testimony caused the rendition of an improper judgment."

We first note that the record of the entire trial is not before us. The trial record before us begins with the testimony of Tidwell's witnesses; it includes the testimony of (1) Elizabeth Mejia, an employee of the convenience store, (2) Gonzalez, and (3) Tidwell. It does not include the testimony of any witnesses presented by Moore. We are thus unable to review the entire record.[15] We are also unable to determine "whether there was contrary

---

[11] *State Office of Risk Mgmt. v. Allen*, 247 S.W.3d 797, 799 (Tex. App.–Dallas 2008, no pet.).

[12] *Robinson*, 923 S.W.2d at 553.

[13] *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 722 (Tex. 1998).

[14] In answering Question No. 1, the jury found Tidwell was not negligent, and that Moore was negligent.

[15] *See McShane*, 239 S.W.3d at 234; *Nissan*, 145 S.W.3d at 144.

4

evidence that the improperly admitted evidence was calculated to overcome."[16]

We also note that on direct examination by the defense, Gonzalez declined to expressly state his opinion as to whether the uneven pavement presented an unsafe condition:

> Q [by Tidwell's counsel]:  What opinions do you have in relation to whether or not the premises were safe in connection with your inspection?
>
> [Moore's counsel]:  Your Honor, I object.  I'm making the same argument as to this gentleman is not qualified to give any opinions about whether the conditions were safe or not safe.
>
> [Court]:  It'll be overruled.
>
> A [Gonzalez]:  Basically what I saw there is fairly common in an area like ours.
>
> . . . .
>
> Q [Tidwell's counsel]:  How—after your inspection, what is your opinion as to whether or not this presented a typical hazard to a customer?
>
> [Moore's counsel]:  Your Honor, same objection.
>
> [Court]:  It'll be overruled.
>
> A:  Well, like I just stated, especially for concrete slabs, it's a common occurrence.

On cross-examination, Moore's counsel asked Gonzalez directly about his opinion regarding whether the area was not hazardous:

> Q [Moore's counsel]:  And when you met and talked with [Tidwell's attorneys], did you give them the opinion that you thought that this area was not hazardous?
>
> A [Gonzalez]:  That is correct.

---

[16] *Nissan*, 145 S.W.3d at 144.

5

We also note that the record includes numerous photographs of the uneven pavement, which the jury was able to consider in making its determination.

## Conclusion

Assuming, without deciding, that the trial court abused its discretion in admitting Gonzalez's testimony, we conclude that Moore has failed to demonstrate that the judgment turned on Gonzalez's testimony.[17]  We overrule both of Moore's issues.

We affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 22nd day of January, 2009.

---

[17] *See McShane*, 239 S.W.3d at 234; *Nissan*, 145 S.W.3d at 144.